UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RILEY DANIEL NAUGHTON,**

        **Plaintiff,**

v.                                           Case No: 6:24-cv-620-JSS-EJK

**INFOCHECKUSA, LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion to Strike Defendant's Request for Attorneys' Fees (the "Motion") (Doc. 56), filed August 26, 2024. Defendant has responded in opposition. (Doc. 58.) Upon consideration, the Motion is due to be denied.

### I. BACKGROUND

Plaintiff instituted this action against Defendant for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. (Docs. 1, 17, 52.) On August 6, 2024, Defendant filed its Answer to Plaintiff's Second Amended Complaint. (Doc. 54.) Therein, Defendant requested attorney fees and costs. (*Id*. at 6.) Plaintiff then filed the present Motion. (Doc. 56.)

### II. STANDARD

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). A motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

## III. DISCUSSION

Defendant's Answer seeks "reasonable attorney's fees and costs under the FCRA pursuant to 15 USC 1681n and/or 1681o." (Doc. 54 at 6.) Plaintiff asserts that this request should be stricken from Defendant's Answer because it is not an affirmative defense and that such a request is procedurally improper. (Doc. 56 at 4, 9.) Plaintiff further asserts that Defendant's request is premised on facts contradicted by the record. (*Id.* at 4.) Finally, Plaintiff asserts that Defendant has failed to meet its burden of proof under the FCRA to establish that Defendant is entitled to attorney fees. (*Id.* at 10.)

Defendant makes several arguments in response. First, Defendant claims that because Plaintiff initiated this action under the FCRA, Defendant has a statutory or contractual basis to justify the request for attorney fees. (Doc. 58 at 2, 5.) Second, Defendant argues that the Court cannot resolve factual disputes on a motion to strike. (*Id.* at 3.) Third, Defendant asserts that Defendant's request for attorney fees is not procedurally improper since Defendant's request is not a motion and it puts Plaintiff on notice of Defendant's intent to seek attorney fees. (*Id.* at 4.) Finally, Defendant argues that Plaintiff's argument is premature since, at this stage of litigation, Defendant does not have to prove entitlement to attorney fees under the FCRA.

(*Id.* at 5–6.)

The undersigned has reviewed each of Defendant's arguments and finds the first and last persuasive. Defendant has a statutory basis for its request for attorney fees. *See* 15 U.S.C. § 1681n(c). Further, a determination as to whether Defendant is entitled to fees has not yet been made in this action, so the request to strike it is premature. *Denova v. Ocwen Loan Servicing, LLC*, No. 8:17-CV-02204-23AAS, 2018 WL 1832901, at *7 (M.D. Fla. Jan. 25, 2018) (citing *Merrill v. Dyck-O'Neal, Inc.*, No. 2:15-CV-232-FTM-38MRM, 2015 WL 4496101, at *4 (M.D. Fla. July 23, 2015)) (denying the motion to strike because it was premature to determine if there was sufficient evidence to support the defendant's claim for attorney's fees in the answer), *report and recommendation adopted*, 2018 WL 1832902 (M.D. Fla. Feb. 28, 2018). Regardless, as Defendant notes, the Answer puts Plaintiff on notice of Defendant's intent to seek attorney fees and is ultimately harmless.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that the Motion (Doc. 56) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 24, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE